[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6951
The 55 year old plaintiff wife and the 56 year old defendant husband married on December 31, 1971 at Watertown, Connecticut. Although no children were born of this union, the plaintiff brought three sons and a daughter to the household and the defendant brought two sons to the household.
At the time of this marriage, the plaintiff owned a home in Bethlehem which she refinanced in August, 1975 to enable the parties to buy a home with a small print shop attached located at 32 Church Street, Woodbury for a package price of $75,000.00. In addition to the first mortgage of $35,000, the sellers took back a note for $15,000 which was satisfied from insurance proceeds received when the print shop burned in 1980. The plaintiff moved the business to downtown Woodbury, selling it two years later for $35,000, receiving $10,000 in cash and taking back a note for $25,000. The cash was exhausted at the closing in satisfying creditors. The plaintiff recovered only partial payment on the note. In 1983, the Woodbury parcel was refinanced to settle additional printing business bills, a state tax lien and to acquire a car.
The plaintiff went to work for the U.S. Postal Service in 1983 and received a career appointment in 1987. The plaintiff's affidavit lists nothing under 4. Assets G. or H.
The defendant worked at Eastern Color Printing throughout the marriage and has been supervisor of maintenance since 1985. He presently resides in a second floor two-room efficiency apartment on the Woodbury property. The area where the print shop was located before the fire was rebuilt as an apartment occupied since 1986 by the plaintiff's adult son who pays little in rent. The plaintiff occupies the main house.
The plaintiff testified to the defendant's drinking habits including loss of license. The defendant testified to an extra marital affair of the plaintiff which the defendant discovered in 1983 to which the plaintiff admitted.
The plaintiff ran the family budget during the marriage. The defendant generated most of the family's income. The plaintiff's print shop never made any money. She was receiving $50.00 weekly child support for her children. The defendant will receive a monthly pension of $651.00 commencing August 15, 2000. No value is listed on the defendant's affidavit for it. No evidence was produced by either party as to present value or the details of the defendant's pension and the court will not speculate as to possible value, (cf. Defendant's Exhibit #6). CT Page 6952
Both parties have secure employment. Each party has the ability to support herself and himself in the future. Each party expressed affection for the other but they have obviously had a dysfunctional marriage for years.
The court, having reviewed the evidence in light of the statutory criteria, enters the following judgment.
1. A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown.
2. The plaintiff's former name Greene is restored to her.
3. No periodic alimony is ordered.
4. The real estate known as 32 Church street, Woodbury, is ordered sold and the net proceeds divided 60% to the plaintiff and 40% to the defendant. If the parties cannot agree on the details of sale, either party may petition the court for an articulation of this order.
5. The defendant shall retain his pension as his sole property.
6. The plaintiff shall retain her deferred compensation and her pension rights, if any, as her sole property.
7. The defendant shall continue to pay the plaintiff the sum of $700.00 monthly until the real estate is sold. The plaintiff shall pay the mortgage, taxes and insurance on the property and shall be entitled to retain the rent from her son's apartment until the real estate is sold.
8. The defendant shall be responsible for the debt listed on his affidavit and he shall hold the plaintiff harmless and indemnified.
9. The contents of the main house are awarded to the plaintiff as her sole property.
Counsel for the plaintiff shall prepare the judgment file and shall include reference to the plaintiff's maiden name Platt.
HARRIGAN, J. CT Page 6953